Plaintiff Robert Koppel on dismissal of his action under Rule 12.B. 6. I got the facts right, a $60 million attorney's fee on a $1.55 billion recovery? I believe that's correct, Your Honor. That was in a state antitrust case? Yes, it was. The one thing that really confused me on this case, it's a 1983 case, so there has to be a violation of the Constitution or federal law. Yes. And I understand there's an allegation of conspiracy, but in order to know whether there's a violation of federal constitutional law, I have to know conspiracy to do what. And I'm not clear on what the violation of the Constitution or federal law is supposed to be. The violation, Your Honor, is a violation of the right to access to the courts. And this kind of situation. Right to access. You don't mean like body versus Connecticut that says you don't need to pay a filing fee if you can't afford it to get a divorce. That's what I think of as the fountain of right to access. I don't know that case, Your Honor, but we cited, I referred, the district judge asked the same question and I cited a case to him which I can look up if Your Honor would like me to, which sets this kind of situation as the sort of constitutional violation. So the constitutional right involved is the right of access to the courts. Yes, Your Honor, that's correct. Now, why wouldn't Koppel have had a right to access to the state court just by filing an objection in state court to the fee? Because he had no reason to assume that there was anything to object to. He was entitled to assume that the attorneys and the court were protecting his interests as a class member. And his understanding that there was some reason that he was deprived of access to the courts on the basis of the fact that, as we've alleged, there was a sellout by the attorneys didn't arise until afterwards. Didn't they give notice before the judgment was final that the fee would be $60 million? They gave notice before the judgment was final that they would apply for a figure up to that amount. They did not provide the class with their fee bills and so on. But, yes, they gave notice and the notice was in an acceptable form. That's not the question, though, Your Honor. The point is Why isn't it? Because if lawyers and a judge corruptly arrive at a decision as to what's going to happen before the fact, and I understand that this sort of allegation is an unpleasant one that no one likes to hear, but if we have a set of extremely unusual circumstances, I think sometimes we need to look into it. The class members are entitled to a situation in which their interests are being protected by their attorneys and by the court. If, and the case is on. I must have the facts wrong because I'm just not grasping it. If I understand the facts right, the lawyers say to the court, we want $60 million. Yes. The lawyers circulate a notice to the class members. We're going to ask the court to give us $60 million. If anyone has any objection to us getting $60 million, come to court, state your objection and be heard. Right. So I don't get where there's a denial of access to the courts. The denial occurs, Your Honor, because the class member, like any person in this situation whose interests are being protected by his attorneys and by the judge, is entitled to assume and believe that the decision as to whether or not to grant the $60 million will be made by normal, fair, disinterested processes. In that case, if they didn't object, they're finished. If, however, it turns out that the decision was made by something other than normal, fair and disinterested processes, as in a situation where the lawyers sell out the interests of their clients for their own benefit, then we have a corruptly procured outcome, an extrinsic fraud, and it's as if it never happened and the person is entitled to come forward and complain. That's the situation. Your Honor is quite correct in saying that ordinarily, if the person doesn't object, they can't complain about it. But that turns on the fact that they're entitled to rely on fair process. And what this case is about Are you saying that they're entitled to rely on the lawyers saying, if we don't really deserve, that we really don't deserve $60 million, so we should get less even though we've said we want that? No, Your Honor. What I'm saying is that they're entitled to rely on the fact that the judge will make an evaluation of the lawyer's claims on the basis of normal procedures in a disinterested manner and not pursuant to a plan or conspiracy with the attorneys. And if that occurs, then there's been no due process and the person is not, it's not the situation where he's out of court because he didn't object, because he had no reason to believe that he should object. Well, but the only problem that I saw in your complaint was whether the objection should be by electronic filing or by regular filing. No, Your Honor, the What else did you note in your complaint? I think the the point about the electronic filing is this. The allegation here is that the attorneys and this judge set up a situation in which it would be possible for them to implement a fee that wouldn't ordinarily be given under California law by creating a situation in which objections that could stand in the way of that approval of that fee could be discounted. And so they couldn't, they wouldn't file them at the right place. That's what you're saying? Right. What happened was And the second of your complaint is that they established this by the Lodestar, by the wrong method, right? No, Your Honor, I'm not, I'm not complaining about the method by which it was established. There was, that was an objection that was made. But this, this case is not seeking to undo the, on a legal basis for error, the decision made by the court. That's, that's gone. This is about whether or not the entire process which led to this decision was tainted and therefore has to be ignored. We're trying to look at your complaint and see what you're complaining about. One of them was your filing, that all of the filing was not done in a particular way. The second was, if I read paragraph 35, that they used the Lodestar method to suggest what these, what this fee was going to be and that that wasn't the right one. And then the next one is arguing about somebody who's not even your client and whether he filed it in the wrong place or not and he was a vexatious litigant and therefore ought to have been thrown out. Now I read your stuff so I could determine what your problem was. Now the reason I ask you that problem is, I don't know why you're here. State court judgments are rendered before an action is brought. And if you don't like what the state court did, you go to the state court to challenge that problem. And so it seems to me that Rooker Feldman throws you out. Well, Your Honor, I would respectfully disagree on two grounds. First, Mr. Koppel was not before the state court and didn't litigate anything. Because he didn't even object. No, because he reasonably assumed that fair processes were being followed in the state court. And once he made a determination that in his view they weren't, then he brought this action. And Rooker Feldman, as Krugazian teaches, does not apply to the situation in which the judgment that's at issue or the matters that are being litigated in the federal court were not arrived at pursuant to normal process. Where's the allegation that tells us what the unfair process is? Fraud is pleaded at paragraph 44 under Rule 9. That has to be pleaded with specificity. I don't understand what the state court is supposed to have done that violated due process of law. Your Honor, the allegation is that the attorneys and the state court got together off the record and sought to set up a procedure under which – Show me the paragraph of the complaint whose words I should be looking at. I would think it would be around page 25 or so, but I'm not sure. 25 of the excerpts, I mean. Yes, I'm actually looking – rather than pulling up the excerpts, I'm looking at the portion of our brief which takes those excerpts out. First of all, at paragraph 37, the plaintiff alleges – excuse me – first, at excerpts of the record volume 1, tab 5, page 22, lines 5 through 9. And I quote, Coppola alleges that attorney defendants entered into and implemented a conspiracy with a public official to commit and to preserve and cover up an extrinsic fraud that would allow and, in fact, did allow attorney defendants to obtain for their own account $23 million or more in excess of any amount to which the attorney defendants might properly have been entitled under applicable law. That's the general allegation. Then, at paragraph 37 of the complaint, and 38, which is excerpts of record volume 1. Okay, so this will be the Rule 9 specific allegations to fill out the fraud. Your Honor, as I think the case law that we have cited, Swierkiewicz and other cases by the Supreme Court shows, this is not a Rule 9 case. This is a Rule 8 case. The cases very clearly say now that under – that we go under Rule 8 for cases brought under Section 1983. The only exception to that is fraud cases of the classical type where there's an allegation of false statements. I recall the case you mean. I understand what you're saying. So I believe – Show me what was wrong here. All right. So going again to paragraph 37, and I was – I'm sorry, I didn't finish giving the cite. It's volume 1 of the excerpts of record, tab 5, page 27, beginning with line 11. Quote, in or around the early summer of 2003, attorney defendants and Judge Hayden conspired and agreed to do the following. A, direct members of the settlement class in the coordination proceeding to file any opposition or objections to the settlement and or the application for fees and expenses with the clerk's office. B, to treat as a nullity whatever opposition or objections they chose that were thus filed with the clerk's office rather than electronically. And if I may pause here, I'd like to address the point that was raised earlier. Here's the issue. You set up a system in which people are told to file objections in one place, and then if you don't like the objections that you got and you don't want them to be before the court, you say, well, sorry, you were really supposed to file them electronically. So what you're saying is that the judge ordered that anything that was filed on paper instead of electronically would not be considered? What I'm saying is that the judge at the hearing on the approval of the class action said to an objector who had filed some rather meaningful objections, your objections are not before me because you didn't file them electronically. And he also had a declaration, a hearsay declaration from one of the attorney defendants saying that this objector had not filed any objections anywhere, which was false. They had been filed, and there's a file-endorsed copy in the record. Further, the objector stood before him and said, Your Honor, I filed them in accordance with notice with the clerk, and here I have with me a file-endorsed copy. Was that Koppel? No, this is Mr. Thayer, Ernest Thayer. Koppel was not involved in this in any way. Then the judge said, Oh, okay, I will consider your objections in that case. But then shortly thereafter, he comes out with an order exactly mimicking the proposed order the attorney defendants had sent him, saying this objector's objections were not properly before the court, and therefore, I didn't consider them. Are we still talking about Thayer? Yes. He said, even though he had said at the hearing, Oh, okay, I understand you filed them. I'll consider them. Then in his order, he says, I didn't consider them because they weren't properly before me. And then he goes further. Let's say for the moment, for purposes of discussion, that the judge should have considered Thayer's objections. Yes. He didn't. Right. Was that matter to Koppel? Because if the judge is operating pursuant to a plan to exclude objections that might interfere with this attorney's fees award, then the judge and the lawyers have sold out the class, and the class members are injured and can do something about it. After the fact, when they find out that this happened. Now, in other words, this entire case turns on whether or not this group of irregularities that we set forth, and I can run through them, although in the interest of time, it's all in the brief. This group of irregularities is sufficiently irregular to plausibly, under Twombly, to plausibly support an inference that this was not just mistakes by the judge, but something more. And, you know, we're not at summary judgment here. We're at the pleading stage. And I would like to submit to the court that. I don't get it. What's the judge supposed to have. What is plausible that the judge. Are you saying that the judge. Well, I guess you're not saying because you don't plead it that the judge got a kickback from the lawyers. No, I'm not saying that the judge got a kickback because I don't have any reason to know that one way or the other. But all I know is all I'm saying is that this set of facts as to how this matter was handled and all these inconsistencies. From my point of view, support an inference that something was wrong in this process and that it wasn't just a series of errors. Well, we've as we've alleged that there was a private meeting between the judges and the lawyers for the purpose of finding a way to create a situation in which this abnormally large fee award could could be gotten through. That's that's the allegation. And I guess my question, again, is why did this not be appealed to the state court? It was in state court. It's a state court problem. I don't see anything here that's even suggest. I mean, one can allege fraud all they want. All we've got here is an allegation about whether some should have been filed electronically or not, whether California law did not allow this big an attorney fee. And what should the judge have done as it relates? That's all 37 talks about. That's a California case. Two things, Your Honor, that that's not those are not the only allegations there. There are the allegations of a number of irregularities. And if the court would like, I can I can list them. I went through 37 and I've laid it right out. I mean, my worry is that that's all we got. Why is this not a California case? I guess because it would be a California case if there had been an objection and that objection had been appealed. The class class members. No objection. And your client didn't object and nobody else objected. Now you're going to be allowed on the basis of some constitutional violation under 1983 to challenge this in federal court. That's the basis of your argument. Let me let me give the extreme example, Your Honor. Let's take a case. Let's imagine a case. And I'm not saying this is one. But let's imagine a case in which a judgment of this kind was entered. Fee awards were were paid. And then subsequently someone the one of the attorneys and the judge were charged with a crime for having gotten together ahead of time and said, let's do whatever it takes to get you this fee award and not consider it fair objections. Let's just imagine that that happened in that case. I think the court would agree that class members who had had no reason to imagine such a thing going on would then be allowed to come forward in this court and say I was deprived of my day in court because I was sold out by my attorneys. I mean, that's that's the extreme version of this situation. And essentially, although there hasn't been any criminal charge here, that's what we're alleging. And the attorneys are always, when they seek their fee, pursuing interest adverse to the interests of the class. That's why there's notice and an opportunity to object. Yes. I can see where you could have something that wasn't barred by Rooker Feldman. You wouldn't be appealing the state. For example, somebody's trying to sue somebody for race discrimination, and the judge and the defendants are all in the Ku Klux Klan together and they conspire to in the Klan meeting to dump the case. Then you've got a 1983 case because of the conspiracy within the Ku Klux Klan. Right. But here I just don't understand anything except Koppel doesn't object to the fee. Thayer does. The judge says Thayer's objection is dismissed. And then all of a sudden up pops Koppel in federal court. I just, it seems like you'd have to object in state court and appeal in state court. Again, Your Honor, he has no reason to object as long as he's entitled to believe that fair processes are being used to determine whether that fee is correct. The problem is not did he object to the fee. The problem is what's the matter with the process? Well, if you take the allegations of this complaint. What allegation makes it unfair? The allegation that makes it unfair is that the decision was made ahead of time and procedures were put in place to minimize or negate the effects of any objections that might be filed and that those procedures were followed. And that's the difference. Again, it's like the example I gave of the crime. And more to the point, Your Honor, the Kimes case, which this case tracks exactly, had a very similar situation. Some lawyers got, the allegation was that the lawyers got together with the judge and they got the judge to issue an order which wasn't right. And there wasn't a state court appeal about it. There was no litigation about that. What happened was that the plaintiff went to the federal court and said, this is a form of extrinsic fraud. I was sold out by my own lawyers. And this court said, that states a cause of action under 1983. That's the situation we have here. And in that case, Rooker-Feldman doesn't apply. Thank you, counsel. Thank you. Good morning, may it please the court. Ethan Shulman for Appalese. I don't want to mince any words here. This is a frivolous case that should not have been brought. And we should not be here today. And the district court so found in awarding sanctions. The claim here that there was some sort of corrupt conspiracy between the state trial judge and 12 different respected class counsel, law firms, and lawyers was absolutely baseless. And counsel effectively admitted that below. Could you talk about what we should do about crimes? Crimes, Judge Kleinfeld, is a very different case. You have very specific allegations there that there is a secret extrajudicial agreement to transfer a case from one judge after the jurisdictional period for him to rule on a new trial motion has expired to another judge. That the lawyers, without the plaintiff's knowledge, the plaintiff being the party to the case, that the lawyers then draft, if you will, a ghostwritten order granting a new trial for the new judge. And then they pretend, according to the opinion, to go through a hearing on the matter where, in fact, apparently no hearing was ever held. All you've got here is a bare allegation and one fact. And that one fact is one three-page objection filed by one class member out of over 11 million, if I remember the number of class members here, apparently went astray before the fairness hearing. What counsel didn't tell you, though, and it goes, Judge Kleinfeld, to your questions earlier about what's unfair about the process here. Not only was there notice to all of these millions of class members, not only was there a special website where they could get more information and download documents, not only was there a fairness hearing. At the fairness hearing, Mr. Thayer, who filed this objection that apparently went astray, argued his objection orally to the state judge. So did the handful of other objectors. In addition, class counsel did not appear. It's undisputed. He did not appear. He did not participate. He did not object orally or in writing. And as your honor observed, he did not appeal. It's also true that class counsel here briefed those objections, including Mr. Thayer's objections, to the state court not once, not twice, but three different times. They briefed his due process objections to the settlement on the merits. And both sets of counsel, Northern and Southern California class counsel, briefed his objection to the fees. In fact, I went back as I was preparing and I realized class counsel devoted more pages to Mr. Thayer's objections than Mr. Thayer did himself. The state court was fully informed of those objections. This is a 12B6 dismissal on the pleas. It is. A lot of these facts, as you talked about, may well be established on a motion of summary judgment or something like that. Here, we're dealing just with the allegations in the complaint. If it is, in fact, true that the judge and these attorneys got together for whatever reason and said, look, we're going to discourage everybody from objecting to these and we're not going to let this go through in the normal process. And therefore, we're going to shut these people out. If that were true, wouldn't that be something that would be established on summary judgment or something like that? Not the pleading seemed to say that, that that's what happened. But we don't know that. Judge Hugg, the answer to your question is this was properly decided on a 12B6 motion and for two reasons, either of which I think independence supports the district court's ruling. First, all of the pleadings that I referred to as to the process that went through here were properly before the district court on a request for judicial notice. There was some back and forth in the district court about whether the district judge could properly notice those pleadings for the truth. And he concluded, to my chagrin, that he could not. But he concluded without objection from my adversary that he could properly take notice of the fact, for example, that a class notice was sent, that briefs were filed with the state court, that they contained discussions of the objections and so on. All of that was undisputed. And the court, I'm sure, is very familiar, the Branch v. Tunnel case is one that I've cited many times, that says where a pleading refers to documents that are not necessarily attached to the complaint. The court can look at them. It does that all the time, for example, in the securities context. Even at the... Did the complaint refer to these documents? It certainly referred, and I'm looking at it now, it certainly referred to the procedure that was followed, the preliminary approval of the settlement, that Judge Hayden approved a form of notice to the members of the class, which it describes. This is excerpts of record, page 24. And the opportunity for class members to oppose or object fees, the filing of the motions, and so on. Did it refer to the documents? I'm sorry? Did it refer to the documents? It certainly referred to the class notice, Judge Hugg. It may well have referred to other documents. What's the reference to the notice? Judge Kleinfeld, it is on page 24 of the excerpts of record, paragraph 30, and then continuing to the following page. Got it. Thanks. Let me go on and answer your question, if I may, Judge Hugg, because there's a second and, I think, independently convincing basis. And that is, this court has said over and over again, and Price v. Hawaii is the seminal case, that you can't just get into federal court with a claim of violation of civil rights, and particularly conspiracy to violate civil rights, by just making a bare allegation, a conclusionary allegation. The Civil Rights Act requires more. Section 37, there were some rather particular allegations. It wasn't just these people conspired. It said they conspired to do this, this, this, and this. There are a few allegations there. Most of them are conclusions rather than factual allegations. You would expect that somebody, and particularly a lawyer who makes allegations, that there's an unlawful conspiracy between a state trial judge and 12 different law firms would tell you, and would have some facts to back it up, what exactly the conspiracy was. Are all of my clients alleged to have been in on this meeting? What were their roles? Why would a trial judge agree to something like this? I'm sorry. Well, again, I have a tendency to give you two-part answers, but let me give you a two-part answer, if I may. The first one is the one that I've said before.  This court, this circuit, requires more than just a bare accusation or allegation of conspiracy. And over and over again, this court sees, and I know all the members of the panel have probably seen, situations where pro se litigants, prisoners, and others come in and say, State court judge ruled against me. There must have been a conspiracy with my lawyers. I'm bringing an action under 1983. And this court over and over again throws out those cases for failure to plead with specificity. But the other answer, Judge Hugg, is the district court here quite properly and very carefully said to counsel, I should back up a step, the record reflects the district court actually issued a tentative ruling on the 12B6 motion. And what he said there was, I'm inclined to grant the motion, but I want to hear from plaintiff's counsel about whether I should allow leave to amend. And when plaintiff's counsel came in, he asked quite properly under Rule 11, what is the plausible basis for these allegations? What could you plausibly show if I gave you leave to amend, and what's the basis for that? And ultimately, and I'm looking now at the supplemental excerpts, there was a colloquy in which he said, I want to, this is, I'm sorry, supplemental excerpts at page 84. I want to know what specific facts you had when you signed this complaint. This is the district court to counsel. And he said quite properly, you allege there was some backdoor illegal and untruthful conspiracy accusing a jurist of this state and some well-regarded law firms and their attorneys of felonious conduct. What are the facts? And so counsel proceeded to tell him the facts. And the facts were that he had, when this complaint was filed, that one three-page objection went astray, that Mr. Thayer was found to be a vexatious litigant, and that he believed, he counsel believed, there must have been some ex-party communication here with the trial judge. And the district judge said, well, what's the basis for that belief? Why do you think that? Oh, well, I think that happens all the time in other cases. Well, how do you know that? Can you cite me a case? No, I can't. That's the factual basis, Judge Hugg, for this complaint. Is he talking about chambers conferences? Like, oh, it was common in Alaska that pretrial conferences under Rule 16 are conducted in chambers. Is that what he's talking about? That apparently is what he's talking about, Judge Kleinfeld. But the specific allegation here is that it was an ex-party chambers conference without the presence of defense counsel. That is that somehow all of the class counsel ---- the plaintiff's lawyers or their committee plus the lawyers for whoever they're suing in the class action. And as I understand, the allegation is not in the complaint, but the claim was made on the record below. Oh, it was just all the plaintiff's lawyers. The defendants had already settled. They didn't care about any of this, so they weren't there. And the district judge said, well, you know, we don't make accusations of this sort against state, respected state judges and class counsel lightly. What's the basis for it? And he said, well, I think it must have happened. So you really, at the end of the day, you have nothing more than you have in all these pro se cases. The judge ruled against me it must be a conspiracy. You know, we all have a lot better things to do than defend cases like that, and you have better things to do, if I may be so bold, than to hear appeals from decisions throwing out cases like that. Well, I imagine that, frankly, my guess is that it is pretty plausible that there was an in-chambers conference to discuss the forms of notice. It is plausible that the defense lawyers really didn't care anymore because they had their deal for $1.55 billion, and it wasn't going to cost them anything more, no matter what the notice and objections might be. It is at least plausible that there was an in-chambers conference to discuss the terms and form of the notice to class members. I'm still not clear on what's wrong with that. I guess it's ex parte because there's nobody there with a conflicting interest. On the other hand, it's not resolving anything. And I can't figure out, and I guess the other part, but it may be ex parte, and it is plausible that there's a conference. And it is plausible because it happens all the time. It happens all the time that the lawyer submitted a proposed order and the judge crossed out the word proposed and signed the order with or without handwriting something on it. That's just routine. It happens all the time. It's encouraged by California law. That's not a basis for an inference. It looks to me like there's some tension between times and price, and I'm wondering is there enough under times for the plausibility, plausible matters under Twombly, is there enough under times for the plausibility of an in-chambers conference between the judge and the attorneys about the terms and form of the notice to class members for there to be a 1983 based on that? If there were enough specificity and if there were some evidentiary basis, which is what Rule 11 requires, here you have a concession of an entire absence of an evidentiary basis. There are no facts here other than this one. I have no idea if that happened, but I assume it did. Right. Exactly. Exactly. This was brought without a basis. It should have been dropped. I might add very briefly that Rooker-Feldman, which Judge Smith raised earlier, is an alternative basis here. Well, the reason I'm asking you these questions is lower courts keep getting shot down by the Supreme Court when they throw out a case based on Rooker-Feldman. I mean, it does seem kind of obvious that if you don't like the terms of the class settlement in state court, appeal in state court, but I'm just gun-shy about Rooker-Feldman. Well, and I've heard those debates. I took some encouragement from this circuit's decision just a few days ago, which I submitted by a 28-J letter, the Rooser case, if I'm pronouncing that correctly, where the panel said it's true that Rooker-Feldman has been somewhat narrowed, but it is still a viable jurisdictional bar. And where it's a bar is exactly the situation that we've got here, where you have a collateral attack on a state court judgment that is inextricably intertwined with the merits. And counsel here says, well, this isn't really a collateral attack. Sure it is. This is a claim that the state court judge awarded excessive fees in violation of California law. There's that admission in the briefs, and it's right in the pleading. And what does the plaintiff seek here? The plaintiff seeks in damages the $23-plus million that he claims the state court judge should not have awarded in fees. In other words, he's trying to get the class counsel to pay back fees that the state court judge awarded, having found them to be reasonable. If that's not inextricably intertwined with the merits of that decision, I don't know what is. It is a collateral attack on what the state court judge did. I think this court can readily affirm here, based on Price and Simmons and all of the other 1983 cases, combined with the admission that there's no evidentiary basis here in the first place, no hard evidence. And I guess maybe where we disagree is, are there any plausible inferences to be drawn? I don't find one, based on all of the undisputed facts here. Alternatively, the court can affirm, based on Rucker-Feldman. I guess if you, if Coppell was good for the money, you would just love to lose, go back and win on summary judgment, and get hundreds of thousands of dollars from him and rule 11 sanctions. You know, Judge Kleinfeld, I actually want to respond to that seriously. We did not bring this sanctions motion lightly or happily. I've practiced 25 years. I don't bring sanctions motions. I think this is the second time in my career when I've done it. And we tried everything we could to avoid this. We take no pleasure in the district court having awarded sanctions here. And we wouldn't have sought them, and we wouldn't be defending them here, unless we thought this was really an egregious case where somebody brought a baseless action and then insisted, and a lawyer, not a pro se litigant, where the court, of course, applies even more liberal pleading standards, but a lawyer and then yet another lawyer, and insisted on pursuing it. So with that, unless the court has any questions, I'd submit the matter. Thank you. Koppel v. Estrella and Rice is submitted.  We'll take a five-minute recess before the last two.
judges: Hug, Kleinfeld, Smith